UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dennis Gallipeau, | ) | C/A  3:07-3522-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Bryon Mitchell, Special Agent for FBI; | ) | |
| Federal Bureau of Investigation, Columbia SC Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. Dennis Gallipeau (Plaintiff), proceeding *pro se*, has filed a document titled "Emergency Application for TRO and Preliminary and Permanent Injunction" (Application) along with a Memorandum in Support of the Application and an Affidavit (supporting documents). Plaintiff did not file a separate complaint with his Application, but his requests for preliminary and permanent injunction are construed as a complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Plaintiff also filed a document titled "Application to Proceed without Payment of Filing Fee/Bond."  This Report does not address the Plaintiff's request for preliminary injunction nor the underlying complaint for permanent injunction.  This Report makes recommendations only as to Plaintiff's request for a temporary restraining order (TRO) and his request to waive any bond.

---

[1]In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983.  Federal Officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-20 & n.30 (1982).

In the Application and supporting documents filed by Plaintiff, he alleges that his laptop computer was illegally seized from his home by Bryon Mitchell, Special Agent for FBI (Defendant Mitchell) on August 15, 2007. Plaintiff states that Defendant Mitchell has threatened to wipe the computer's memory on several occasions and has failed to return it after having possession of it for over two months. Plaintiff claims that the laptop holds critical legal documents and the only pictures of his now deceased service dog. Plaintiff seeks a TRO requiring Defendants to return his computer "un-wiped," or to schedule a hearing as soon as possible.

## Discussion

A TRO may be granted under Rule 65(b) only if "it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). A TRO is "not to exceed ten days," and may be extended by the court only "for a like period." *Id.* In general, the purpose of a TRO is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction. *Granny Goose Foods, Inc. v. Brotherhood. of Teamsters*, 415 U.S. 423 (1974).

Plaintiff presents his claims as "Emergency Application for TRO and Preliminary and Permanent Injunction." The portion of Plaintiff's Application along with the supporting documents that seeks preliminary and permanent injunction has been construed to be a *Bivens* action, because without a complaint, a temporary restraining order would serve no purpose. A ten or twenty day injunction without an underlying cause of action would be useless in this case.

In determining whether to grant injunctive relief prior to trial, a court must consider four factors:

2

> (1) whether the plaintiff will suffer irreparable injury if the injunction is not issued;
> (2) the injury to the defendant if the injunction is issued;
> (3) the plaintiff's likelihood of success in the underlying dispute between the parties; and
> (4) the public interest.

*Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (citations omitted). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Id.* (citing *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 859 (4th Cir. 2001); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991).

> If the balance of the hardships "tips decidedly in favor of the plaintiff," *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991) (internal quotation marks omitted), then typically it will "be enough that the Plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation," *Blackwelder*, 550 F.2d at 195 (internal quotation marks omitted). But if the balance of hardships is substantially equal as between the Plaintiff and defendant, then "the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success." *Direx*, 952 F. 2d at 808 (internal quotations marks omitted).

*Scotts Co. v. United Industries Corp.*, 315 F.3d at 271 (footnote omitted).

Plaintiff has not made a strong showing that he will suffer irreparable injury if the TRO is not issued. Plaintiff states that "[t]he continued loss of [Plaintiff's] computer and the threat of "wiping" the content of his computer, causes [Plaintiff] to suffer irreparable and immediate harm." (Pl.'s Mem. 5.) However, Plaintiff admits that Defendants have had possession of his computer "for more than two months now." (Pl.'s Mem. 9). The threat of "wiping" the computer is not immediate and does not indicate irreparable harm when it has been ongoing for two months. Rather, it is an indication that the status quo has been maintained. Without a showing of irreparable injury to

3

Plaintiff, this Court cannot balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. Plaintiff's application for a TRO fails to show Plaintiff is entitled to the extraordinary *ex parte* relief of a TRO. As the United States Supreme Court has made clear:

> *Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, *cf. Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968), but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. at 439 (footnote omitted).

Therefore, Plaintiff's Emergency Application for TRO should be denied. The relief sought by Plaintiff, that is the return of his computer "unwiped," may be pursued through his requests for preliminary and permanent injunction.

## Recommendation

Accordingly, it is recommended that the District Court deny Plaintiff's Emergency Application for a TRO and moot his request to proceed without bond. Plaintiff's attention is directed to the important notice on the next page.

s/Joseph R. McCrorey  
United States Magistrate Judge

November 1, 2007  
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).