IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Dennis Gallipeau, ) | C/A No.: 3:07-3522-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Bryon Mitchell, Special Agent for FBI; ) | |
| Federal Bureau of Investigation, Columbia, ) | |
| SC Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Dennis Gallipeau, initiated this action by filing a motion for a temporary restraining order ("TRO"). In his TRO, plaintiff contends that the defendant illegally seized plaintiff's laptop from his home. He asserts that the defendant has threatened to "wipe the computer's memory" on several occasions and has failed to return the laptop after having possession of it for more than two months. The plaintiff claims that his laptop holds critical legal documents and the only pictures of his now deceased service dog.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the motion for a TRO be denied because the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

plaintiff fails to show he is entitled to the extraordinary relief of a TRO. The Magistrate Judge only addresses the TRO motion in this Report; plaintiff's request for preliminary and permanent injunction are not addressed in the Report. The Magistrate Judge further suggests that the relief sought by the plaintiff (the return of his computer) may be pursued through his requests for a preliminary and permanent injunction.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without the need for a hearing.

As the Magistrate Judge correctly notes, a TRO may be granted under Rule 65(b) only if it clearly appears from the specific facts shown by affidavit or the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b). In his Report, the Magistrate also considered the factors outlined in the Fourth Circuit case of *Scotts Co. v. United Indus. Corp., 315 F.3d 264* (4th Cir. 2002). The Magistrate opines that (1) the plaintiff has not made a strong showing that he will suffer irreparable injury if the TRO is not issued; (2) and as a result, the court cannot balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued.

The plaintiff was advised of his right to file objections to the Report and

---

[2] At the commencement of this action, the plaintiff did not file a separate complaint, but filed a motion for a TRO and for a preliminary and permanent injunction. Contemporaneously with the filing of the Report and Recommendation, the Magistrate Judge directed the clerk to re-docket plaintiff's motion for a preliminary injunction as the complaint which this court will construe as a complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Recommendation. He did not file objections[3] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the plaintiff's motion for a TRO is denied. Plaintiff's request to proceed without bond is moot.

The Clerk shall return this file the Magistrate Judge for further handling.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
February 7, 2008                                                         United States District Judge
Columbia, South Carolina

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

3