IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| DENNIS GALLIPEAU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:07-3522-JFA-JRM |
| | ) | |
| v. | ) | |
| | ) | |
| BYRON MITCHELL, SPECIAL | ) | |
| AGENT FOR THE FBI, FEDERAL | ) | **REPORT AND RECOMMENDATION** |
| BUREAU OF INVESTIGATION, | ) | |
| COLUMBIA, SC OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Dennis Gallipeau ("Gallipeau"), is presently a pretrial detainee awaiting trial in United States v. Gallipeau, Cr.No. 3:08-96-JFA. In that case he is charged with violating federal child pornography laws. During the investigation which led to the criminal charges, Special Agent Byron Mitchell ("Mitchell") of the Federal Bureau of Investigations ("FBI") seized Gallipeau's computer. On October 24, 2007, Gallipeau filed a *pro se* "Emergency Application for TRO and Preliminary and Permanent Injunction" seeking an order requiring return of the computer and preventing destruction of stored images. The case was automatically referred to the undersigned for all pretrial proceedings pursuant to Local Rule 73.02(B)(2)(e). Initial review showed that no complaint was filed in connection with the case. Therefore, the undersigned issued an order on November 1, 2007 directing the Clerk of Court to re-file Gallipeau's pleading as a Bivens[1] action

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

complaint. Gallipeau filed an amended complaint on February 29, 2008. Eventually, on May 15, 2008 defendants filed a motion to dismiss, or in the alternative for summary judgment. Because Gallipeau is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on May 20, 2008. Gallipeau filed a response on June 19, 2008.

Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., because this Court lacks subject matter jurisdiction and Gallipeau has failed to state a claim upon which relief can be granted. Alternatively, the Defendants move for summary judgment under Rule 56 arguing that there is no genuine issue of material fact, and therefore the Defendants are entitled to judgment as a matter of law. (Def.Mem., p. 1).

**1. Motion to Dismiss.**

**a. Sovereign Immunity.**

Defendants argue that the FBI and Mitchell, insofar as he is sued in his official capacity, should be dismissed pursuant to the doctrine of sovereign immunity. Gallipeau did not address this argument in his response.

It is well settled that Gallipeau cannot maintain his Bivens action against the FBI and Mitchell in his official capacity. United States v. Mitchell, 463 U.S. 206, 212 (1983) (the doctrine of sovereign immunity precludes a suit against the United States without its express consent). However, sovereign immunity does not bar Gallipeau's claim against Mitchell in his individual capacity. Davis v. Passman, 422 U.S. 228 (1979). Thus, Gallipeau's claim against the FBI and Mitchell in his official capacity should be dismissed pursuant to Rule 12(b)(6) for lack of subject matter jurisdiction.

**b. Failure to State a Claim.**

The Federal Rules of Civil Procedure require that a pleader provide "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6).

The required "short and plain statement" must provide " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S.Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir.2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions...." Twombly, 127 S.Ct. at 1965. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir.2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir.2002)). Instead, the opening pleading need only contain "[f]actual allegations ... [sufficient] to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Application of the Rule 12(b)(6) standard also requires that the court " 'accept as true all of the factual allegations contained in the complaint....' " Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Twombly, 127 S.Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir.2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir.2002)). The court is additionally required to "draw[ ] all reasonable ... inferences from those facts in the plaintiff's favor...." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999).

Since Gallipeau is *pro se* his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. ) *cert. denied*, 439 U.S. 970 (1978).

Gallipeau makes the following factual allegations in his Amended Complaint:

4.  On or about August 15, 2007, Mitchell seized Plaintiff's lap top computer from his home.

5.  Plaintiff alleges Mitchell's seizure of his computer was effected without a warrant.

6.  Plaintiff alleges Mitchell used and employed threatening and intimidating tactics in the seizure of his computer from his home.

7.  Mitchell subsequently threatened to wipe the computer's memory on several occasions.

8.  Plaintiff's computer holds critical legal documents, personal documents and the only pictures of his now deceased service dog.

Defendants assert that Gallipeau's allegations are insufficient under the above standard. Giving Gallipeau the benefit of liberal construction, the undersigned disagrees. The complaint alleges that Mitchell seized Gallipeau's property, i.e., his personal computer, without a warrant using coercion in violation of his Fourth Amendment rights. This allegation is sufficient to support a Bivens action. *See* Maryland v. Dyson, 527 U.S. 465, 466 (1999) (Fourth Amendment generally forbids warrantless searches).

**2. Motion for Summary Judgment.**

Alternatively, Defendants argue that they are entitled to summary judgment pursuant to Rule 56, Fed.R.Civ.P.. They attach two documents to their motion, a "Receipt for Property Received/Returned/Released Seized" and a "Consent to Search Computer(s)" both of which appear

to be signed by Gallipeau.[2]

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex, 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed.R.Civ.P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 818 (4th Cir.1995). Nonetheless, the nonmoving party is entitled to have " 'the credibility of his evidence as forecast assumed.' " Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc) (quoting Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir.1987) (citing Celotex, 477 U.S. at 323-24).

---

[2]A copy of the "Receipt" is attached to the Amended Complaint, but a copy of the "Consent" is not provided.

Rule 56(c) allows summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Generally, evidence must be presented on a summary judgment motion in a form that would be admissible at trial. Evans v. Technologies Applications & Service Co., 80 F.3d 594 (4th Cir. 1996). Defendants have merely attached a copy of the consent to search form purportedly signed by Gallipeau to their motion for summary judgment. They have provided no affidavit to authenticate the document or to describe the circumstances under which it was obtained.

In essence, Defendants argue that they are entitled to summary judgment because Gallipeau signed the consent form. However, the mere fact that a suspect consents to a search, either orally or in writing, does not necessarily foreclose a challenge to the search or a civil action based on an alleged violation of the Fourth Amendment. *See* Bumper v. North Carolina, 391 U.S. 543, 549-50 (1968) (acquiescence to an assertion of lawful authority coupled with coercion does not constitute a voluntary waiver of Fourth Amendment rights); Trulock v. Freeh, 275 F.3d 391 (4th Cir. 2001) (consent invalid but FBI agents protected by qualified immunity based on facts of case); and Maryland State Conference of NAACP Branches v. Maryland State Police, 454 F.Supp.2d 339, 355-356 (D.Md. 2006) (summary judgment denied based on allegation of coerced consent to search).

Gallipeau appears to assert that he was coerced into signing documents by Mitchell even though he does not reference the consent form. *See* Memorandum filed October 27, 2007, pp. 2-4. Based on the sketchy record before the Court, the undersigned concludes that Defendants are not entitled to summary judgment at this point.

**3. Qualified Immunity.**

The doctrine of qualified immunity provides that "government officials performing

6

discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Since the doctrine entitles a defendant to "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial," Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), courts are instructed to resolve the issue at the earliest stage of litigation. Hunter v. Bryant, 502 U.S. 224, 227 (1991). Summary judgment is viewed as an opportune stage to resolve issues of qualified immunity since "factual determinations respecting disputed aspects of [a defendant's] conduct" frequently need to be developed. Wilson v. Kittoe, 337 F.3d 392, 397 (4th Cir. 2003) quoting Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). However, resolving such issues "does not mean...that summary judgment doctrine is to be skewed from its ordinary operation to give special substantive favor to the defense, important as may be its early establishment." Pritchett, 973 F.2d at 313.

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court established a two-step sequential analysis for district courts to use in considering qualified immunity defenses. Initially, the court was to determine, based on the facts alleged or established at summary judgment if Plaintiff had made out a violation of a constitutional right. If so, the court was then to determine whether the constitutional right was "clearly established" at the time of the alleged violation. However, the Supreme Court recently receded from the Saucier decision, holding that the Saucier analysis, while often appropriate, should no longer be mandatory. Pearson v. Callahan, __U.S. __, 2009 WL 128768, *9 (2009). The Supreme Court concluded it was better to leave the order of the decision making process to the district courts.

Mitchell cites Saucier and argues that the conduct alleged does not rise to the level of a constitutional tort. Mitchell appears to recognize that the Fourth Amendment right to be free form unreasonable searches is clearly established, and that warrantless searches are *per se* unreasonable in the absence of a valid exception. He concludes that an exception is established in this record because Gallipeau signed the consent form. However, as discussed above, Gallipeau appears to allege that his consent was coerced. If indeed, a developed record shows that the consent was based on coersion, Mitchell would not be entitled to qualified immunity.[3]

### Conclusion

Based on a review of the record, it is recommended that Defendants' motion to dismiss, or in the alternative for summary judgment be **granted** as to Plaintiff's Bivens' claim against the FBI and Mitchell in his official capacity, and **denied** as to the claim against Mitchell in his individual capacity. It is further recommended that this action be stayed pending resolution of the criminal charges in United States v. Gallipeau[4].

Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

February 4, 2009

**The parties are referred to the Notice Page attached hereto.**

---

[3]*See* Maryland State Conference of NAACP Branches, 454 F.Supp.2d at 356 ("alleged conduct of coercing the consent to search is a 4th Amendment violation of which [defendant] should have been aware, and that he, therefore, is not entitled to qualified immunity").

[4]*See* Wallace v. Kato, 549 U.S. 384, 393-394 (2007).

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).